CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 20 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MUSA M. AR-RAHMAN, a.k.a. MARK L. CREWS, Plaintiff, | Civil Action No. 7:05-cv-00773 |
| v. | MEMORANDUM OPINION |
| ROANOKE CITY JAIL, et. al., Defendants. | By: Hon. James C. Turk Senior United States District Judge |

Plaintiff Musa M. Ar-Rahman ("Rahman"), a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Rahman alleges that officials that the Roanoke City Jail ("the jail") deprived him of adequate medical treatment. The court filed the complaint conditionally and directed Rahman to amend to particularize his claims, which he has done. His motions to amend will be granted. Upon consideration of the complaint as amended, however, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Rahman's allegations, setting forth the following sequence of events, are stated in his grievances and in his motions to amend. Rahman arrived at the jail on or about October 2, 2005. Two weeks later he asked to be put on the sick call list to see the jail doctor. Officers took him to the medical unit on October 16, 2005. The nurse who examined him noted that Rahman's scrotal sac was enlarged, that he had had a sonogram in 1999 at UVA, and referred him to see the jail

1

doctor.[1] The next day the doctor briefly examined Rahman's genital area, but did not inform Rahman of his findings. One week later Rahman again asked to see the doctor and was examined a second time. A nurse later had him sign a release form allowing the jail to obtain his medical records. On November 7, 2005, Rahman asked to be seen a third time in the medical department. In responding, the nurse refused his request, noting that he had been seen twice, the results of his examination were normal and his urine test was normal. The nurse also noted, "You will not have this removed while incarcerated. This is a chronic condition." Rahman says that his scrotal condition makes sitting, lying and bending difficult.

Rahman complains that because the jail doctor is not a specialist in scrotal problems, his diagnosis of Rahman's condition was negligent, and other jail officials should not have followed the doctor's advice. He also complains that the doctor's exam was faulty. When Rahman asked about seeing another doctor, jail officials told him that he would have to pay the costs for such a second opinion. Rahman also states that the growth in his scrotum is getting larger and causing him pain.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective

---

[1]At this initial visit, Rahman also complained about dental treatment, but he does not expressly raise any claims in this civil action about being deprived of dental treatment.

component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id.

III.

Under these principles, Rahman's allegations fail to state any claim upon which relief can be granted. It is clear from Rahman's own descriptions of his doctor visits that the jail doctor

3

examined him twice, obtained his medical records, tested his urine, and found that the condition did not require immediate removal or other treatment. The doctor did offer to refer him to a specialist for a second opinion, but only if plaintiff or his family could pay for the visit, as they would be required to do if plaintiff were not incarcerated. As the doctor in his medical judgment determined that plaintiff did not require treatment at this time, his refusal to authorize a visit to a specialist at jail expense did not constitute deliberate indifference to any serious medical need for prompt treatment. Plaintiff obviously disagrees with the jail doctor's diagnosis and treatment plan. Such disagreements, however, do not constitute deliberate indifference so as to state an Eighth Amendment claim. Plaintiff's other complaints about the doctor also fail to rise to constitutional proportions. If the doctor was negligent in diagnosing a problem when he was not a specialist, in the way he performed the exam, or in his medical judgment that the growth did not require immediate treatment, such alleged medical malpractice is not an Eighth Amendment claim. To the extent that it might state some claim under state malpractice law, the court declines to exercise supplemental jurisdiction over such state law claims, pursuant to 28 U.S.C. § 1367(c). Based on the foregoing, the court will dismiss all claims against the doctor, pursuant to § 1915A, without prejudice.

The court must also dismiss all claims against the other defendants under § 1915A. As these officers are not medical doctors themselves, they are entitled to rely on the jail doctor's medical judgment as to the course of treatment that Rahman's condition requires. They are not required to second-guess his diagnosis or to determine independently that the doctor erred in failing to refer Rahman to a specialist at jail expense. Finding that Rahman could prove no set of facts consistent with his allegations that state any claim actionable under § 1983, the court will dismiss the entire

4

Case 7:05-cv-00773-JCT-mfu    Document 8    Filed 01/20/06    Page 4 of 5    Pageid#: 44

compliant for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 20th day of January, 2006.

*/s/ James C. Turk*
Senior United States District Judge